UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARBARA TATE,    Case No.: 1:09cv138

    Plaintiff    Judge Michael R. Barrett

  v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## ORDER

Before the Court is Magistrate Judge Hogan's December 4, 2009 Report and Recommendation (hereinafter "Report") (Doc. 14). In the Report, Magistrate Judge Hogan recommends that the decision of the Commissioner be found to be supported by substantial evidence and should be affirmed. Plaintiff filed Objections to the Magistrate's Report (Doc. 15) and the Commission responded (Doc. 16).

This is a Social Security appeal brought pursuant to 42 U.S.C. §405(g) and 1383(c). At issue is whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff was disabled as of January 29, 2007, her 55th birthday, but not earlier. This determination entitled Plaintiff to Supplemental Security Income benefits but not to disability benefits under the Disability Insurance Benefits program because her insured status expired on September 30, 2006. (See Administrative Transcript ("Tr.") 483-500 (ALJ's decision)). Plaintiff appeals the decision that she was not disabled at all times since the alleged onset date of disability of December 26, 2001.

I.  Objections

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.  In the instant matter, Plaintiff objected to issues concerning the weight given to her treating physician and the ALJ's credibility determination of Plaintiff.  Plaintiff did not object to the standard of review and applicable law as set forth by Magistrate Judge Hogan.

II.  Background Facts and Procedural History

The background facts and procedural history have been sufficiently set forth in the Report and Recommendation and will not be repeated here.

III.  Analysis

A.  Standard of Review

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding prior to January 29, 2007 is supported by substantial evidence. 42 USC § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971). In performing this review, the Court must consider the administrative record as a whole, *Kirk v. Secretary of Health & Human Servs.,* 667 F.2d 536 (6th Cir. 1981), but may consider only the evidence submitted to the final decision-maker, here the ALJ. *See Foster v. Halter,* 279 F.2d 348, 357 (6th Cir. 2001). The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the court." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). This zone of choice includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the ALJ. See *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability prior to January 29, 2007, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (citing *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)).

    B.  <u>Determination of Disability</u>

  The Social Security Act defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 CFR § 404.1505(a). The issue of disability is determined through a five-step sequential process set forth at 20 CFR § 404.1520. Step one requires determining whether the claimant is engaging in substantial gainful activity. If

not, the inquiry moves to step two, which determines whether the claimant's impairments, individually or in combination are "severe." If a severe impairment is found, step three inquires as to whether the claimant's impairment meets or medically equals the requirements of any impairment in the Listing of Impairments at Appendix 1, Subpart P, Regulations No. 4, 20 CFR Part 404. If the claimant's impairment is not of listing-level severity, then step four requires inquiry into whether the claimant has the residual functional capacity (RFC) to perform past relevant work. *Id.* If the claimant shows that he cannot perform past relevant work because of impairments, the burden of proof shifts to the Social Security Administration in step five. The Administration must then identify other jobs existing in significant numbers in the national economy that the claimant can perform. If at any point it is determined that the claimant is or is not disabled, the inquiry stops. *Id.* For example, if the ALJ determines at step four that the claimant can perform his past relevant work, the ALJ need not complete the sequential analysis. *See* 20 CFR § 404.1520(a). However, if the ALJ errs in finding that the claimant can perform his past relevant work; the matter should be remanded for further consideration under step five. *See Wyatt v. Secretary of Health & Human Servs.*, 974 F.2d 680, 684 (6th Cir. 1992); *Lauer v. Bowen,* 818 F.2d 636, 641 (7th Cir. 1987). The claimant bears the ultimate burden of proof by sufficient evidence that he is entitled to disability benefits, 20 CFR § 404.1512(a), meaning, that he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. See 42 U.S.C. §423(d)(1)(A).

C.  Treatment of Treating Physicians' Medical Opinions

The ALJ is not bound by a treating physician's conclusory statement that the claimant is "disabled." *See Miller v. Secretary of Health & Human Services.*, 843 F.2d 221, 224 (6th Cir. 1988). However, the ALJ must give the opinion of a treating source controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 544 (6th Cir. 2004)(quoting 20 CFR § 404.1527(d)(2)). On a claim for social security disability benefits, "substantial deference and, if the opinion is uncontradicted, complete deference must be given to medical opinions and diagnoses of treating physicians." *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). If the ALJ decides to discount the treating physician's medical opinion, the ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Commissioner Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)(citing Soc. Sec. Rul. 96-2p).

The ALJ failed to do this in the decision that was previously remanded. However, that error has been remedied by the ALJ in the newest decision. Here, the ALJ specifically set forth that he was rejecting the opinion of Dr. Sieben (Tr. 493) and stated the reasons for doing so, including that "the assessment is nothing but repetition of the claimant's allegations," that "there is no evidence of

5

any serious back impairment," and that "there is no condition of any kind that would warrant surgery on the back." (Tr. 491). In addition, the ALJ held that "Dr. Sieben may be a treating source, but her opinion that the claimant could not do even sedentary work is not supported by substantial objective evidence and is not given controlling weight. In fact, Dr. Sieben's opinion shows that she is easily swayed by the claimant's allegations and just accepts them on face value." (Tr. 492). Finally, there are huge gaps in Dr. Sieben's treatment of Plaintiff. (Id.) From the record, it appears that Dr. Sieben did not treat Plaintiff from September 2002 to March 2005 and again from January 2006 to September 2006. (Id.) There is no other evidence in the record suggesting that Plaintiff is disabled other than the opinion of Dr. Sieben.

Plaintiff argues that the Magistrate Judge and the ALJ erred by not giving Dr. Sieben the "most weight" in the record. Traditionally, it has been held that more weight is to be given to a supported report and conclusion from a treating doctor versus a paper review of the file. *Shelman v. Secretary*, 821 F.2d 316, 312 (6th Cir. 1987). However, as set forth above, the ALJ has a zone of choice which includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to the findings of the ALJ. See *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994).

The ALJ clearly set forth who he was giving the most weight to and why. The opinions of the state agency physicians are well supported by the record as a whole, they are not inconsistent with the overall record, and they are indicative

6

of the claimant's physical functioning ability.  The Court finds the analysis in the R&R to be correct and well supported.

### D. Credibility and Subjective Complaints of Pain

The Plaintiff argues that the Magistrate Judge and the ALJ failed to properly find Plaintiff credible.  However, it is not for the court to make decisions concerning credibility.  *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir.1994).  Credibility determinations by the ALJ are to be accorded great weight and deference, as the ALJ is in a position to observe the demeanor and credibility of a witness.  However, that assessment must be supported by substantial evidence.  *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir.1997).  "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence."  *Id.*  If the ALJ rejects a claimant's testimony as not credible, he must clearly articulate his reasons for so finding.  *Felisky*, 35 F.3d at 1036.  "Subjective testimony of pain cannot be dismissed out of hand and must be considered along with such other "criteria" as "objective medical facts, diagnoses, and expert medical opinions."  *Townsend v. Secretary of Health & Human Servs.*, 762 F.2d 40, (6th Cir. 1985).  "Pain alone, if the result of medical impairment, may be severe enough to constitute disability for social security purposes," *King*, 742 F.2d at 973.  However, there must be some objective medical evidence relevant to the subjective claim of disabling pain.  *Noe v. Heckler*, 512 F.2d 588, 595-596 (6th Cir. 1975).

7

The ALJ found that the Plaintiff "is credible that she has severe impairments, [but] her statements concerning the intensity, duration and limiting effects of such impairments are not entirely credible." (Tr. 497). The ALJ continued by finding that Plaintiff's allegations were out of proportion with the medical evidence in terms of her dysfunctions. (Tr. 493). In addition, the ALJ found that Plaintiff was "clearly reluctant to answer questions about what she did during the day, and was hesitant, taking a lot of time before she would give a clipped very brief, often vague answer to each inquiry in what appeared to be an effort to avoid proving on the subject." (Tr. 496). This is precisely the type of determination that the Courts are to defer to the ALJ to make. Obviously, this Court was not at the hearing and not able to witness the Plaintiff's disposition. Furthermore, the credibility determination of the ALJ is supported by substantial evidence. (See Tr. 492, 496-498). Plaintiff does not point to any evidence in the record that leads this Court to a contrary conclusion. Although she argues that the ALJ discounted her use of a walker, this is simply not the case. Both the Magistrate Judge and the ALJ acknowledged that Plaintiff used a walker but also acknowledged that the use of this device was not prescribed by anyone. It is only apparent from the record that Plaintiff discussed her desire to use a walker with Dr. Sieben and Dr. Klein. (Tr. 490, 492, 498). Thus, the Court agrees with the Recommendation of the Magistrate Judge.

IV. Conclusion

Based upon the foregoing, the ALJ was correct to use Grid Rule 202.02. Thus, the Court finds that the decision of the Commissioner is supported by

8

substantial evidence.  The Report and Recommendation is hereby ADOPTED (Doc. 14).  The ALJ decision is AFFIRMED and this matter is CLOSED.

    **IT IS SO ORDERED.**

                                           *s/Michael R. Barrett*
                                           United States District Court